O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDNOVUS, INC. and FIRST TEXAS HOLDINGS CORP., <br><br> Plaintiffs, <br><br> v. <br><br> QINETIQ GROUP PLC; QINETIQ LTD.; QINETIQ US HOLDINGS, INC.; QINETIQ NORTH AMERICA, INC.; METRASENS LTD.; METRASENS INC.; ETS-LINDGREN L.P.; and INVIVO CORP., <br><br> Defendants. | Case No. 2:12-cv-03487-ODW(JCx) <br><br> **AMENDED ORDER SEVERING ETS-LINDGREN AND INVIVO CORP. AND DENYING THEIR MOTION TO DISMISS AS MOOT [26]** |

## I.   INTRODUCTION

Pending before the Court is Defendants ETS-Lindgren and Invivo Corporation's Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 26.)  Upon careful consideration of Plaintiffs' FAC, the Court finds that Plaintiffs have improperly joined ETS-Lindgren and Invivo in this action under 35 U.S.C. § 299.  The Court will therefore sever these Defendants under Rule 21 and deny their pending Motion as moot.[1]

///

---

[1] Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local R. 7-15.

## II. BACKGROUND[2]

On October 17, 2000, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent number 6,133,829, titled "Walk-Through Metal Detector System and Method," to James C. Johnstone and Sidney G. Freshour.

On December 18, 2003, the USPTO issued U.S. Patent No. 7,113,092, titled "Ferromagnetic Object Detector," to QinetiQ. During the examination period for the '092 Patent the USPTO cited the '829 Patent as prior art against the '092 Patent.

In 2004, QinetiQ developed and commercialized the Ferroguard line of products and systems, which is protected by the '092 Patent, as well as other patents irrelevant here.

Metrasens is a spin-off company of QinetiQ licensed under the '092 Patent to manufacture and sell the Ferroguard products and systems. The '092 Patent was assigned to Mertasens's Chief Technology Officer, Mark N. Greene, on September 26, 2006.

ETS-Lindgren and Invivo Corp. are two of Metrasens's authorized distributors of the Ferroguard products and systems.

By letter dated December 27, 2010, QinetiQ informed Mednovus that it owned the '092 Patent and accused Mednovus's Safescan products of infringing the '092 Patent. By letter dated February 1, 2011, Mednovus responded that it was not infringing on the '092 Patent, which was invalid in light of prior art, including the '829 Patent. Mednovus in turn accused QinetiQ of infringement on the '829 Patent.

## III. DISCUSSION

Joinder is normally governed by Federal Rule of Civil Procedure 20. But late last year, Congress passed the Leahy-Smith America Invents Act, which (among other things) altered the standard for joinder in patent suits. Leahy-Smith America Invents Act, Pub. L. No. 112-29, sec. 19(d), §299, 125 Stat 284, 332–33 (2011) (codified at 35

---

[2] These facts are culled from Plaintiffs' FAC and were pleaded almost entirely upon information and belief.

U.S.C. §299). This newly enacted statute sets a higher standard for joinder and prohibits joinder unless the claimed infringement by each defendant arises out of the same transactions relating to infringement of the patent-in-suit by the same accused product:

> (a) **Joinder of Accused Infringers.—** With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, or counterclaim defendants only if—
>
> > (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
> >
> > (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.
>
> (b) **Allegations Insufficient for Joinder.—** For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.
>
> (c) **Waiver.—** A party that is an accused infringer may waive the limitations set forth in this section with respect to that party.

35 U.S.C. § 299.

Plaintiffs' FAC alleges that QinetiQ, Metrasens, ETS-Lindgren, and Invivo all "ha[ve] been and now [are] infringing, inducing others to infringe, and/or contributorily infringing . . . one or more claims of the '829 Patent." (FAC ¶¶ 32–35.) But Plaintiffs allege that each Defendant is infringing on a different set of products (with some overlap). Specifically, Plaintiffs allege (by way of example only)

that the following Defendants infringe on the following products "that implement, utilize or otherwise embody" the '829 Patent:

- <u>QinetiQ</u>: the Ferroguard products and systems (FAC ¶35)
- <u>Metrasens</u>: the Ferroguard Screener (ACR Zone-3 Screening Solution), Ferroguard Entry Control (ACR Zone-4 Solution), and Ferroguard "Best Practices" Solution (FAC ¶32)
- <u>ETS-Lindgren</u>: the Ferroguard Ferromagnetic Detection System, Ferroguard Beacon, and Ferroguard Screener (FAC ¶ 33)
- <u>Invivo</u>: the Ferroguard Entry Control System, Freestanding Portable Ferroguard, Ferroguard Wall Mount ISD, Ferroguard Wall Mount OSD, and Ferroguard Patient Screener (FAC ¶ 34)

These allegations are facially insufficient to meet § 299's heightened standard for joinder. For one, Plaintiffs' allegations that each Defendant infringed on a different set of products fails § 299(a)(1)'s requirement that Plaintiff's right to relief "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling *of the same accused product*." 35 U.S.C. § 299(a)(1).

Perhaps more importantly, Plaintiffs also fail to allege that each of these Defendants was involved in the same transaction or series of transactions. Plaintiffs allege that QinetiQ "developed and commercialized the Ferroguard products" covered by the '092 Patent, which it licensed Metrasens for manufacture and sale. (FAC ¶¶ 17, 18, 21.) Metrasens in turn authorized ETS-Lindgren and Invivo as its distributors for the Ferroguard products. (FAC ¶ 22.)

Even assuming that each Defendant was infringing on the same products, the only related transactions between these entities are those transactions within the commerce stream. But these transactions within the commerce stream do not constitute the same transaction or series of transactions. For instance, when Metrasens sells ETS-Lindgren a Ferroguard Ferromagnetic Detection System, that is one

transaction. When Metrasens sells Invivo a Ferroguard Entry Control System, that is a second transaction. These two sales have nothing to do with each other—other than involve different products in the Ferroguard line.

Taking this analysis further, when Invivo or ETS-Lindgren sells an infringing Ferroguard product from Metrasens (and by extension, QinetiQ) to an end-user (presumably an institution), this is a third transaction. Specifically, Invivo's and ETS-Lindgren's patent liability arises from its sale (or offer for sale) of the Ferroguard products to an end-user. This is entirely different from Metrasens's liability, which arises from its sale (or offer for sale) of its Ferroguard product to Invivo.

Moreover, in the first transaction where Metrasens sells the Ferroguard product to Invivo or ETS-Lindgren, neither Invivo nor ETS-Lindgren is liable for patent infringement. That is because infringement must be an act of making, using, importing, selling, or offering to sell. 35 U.S.C. § 271. Possession of an infringing product is not infringement.

Not only does this make logical sense, it follows the joinder statute, which ties the defendants' relationships to the sought-after relief: "any right to relief is asserted against the parties . . . arising out of the same transaction . . . or series of transactions . . . relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product." 35 U.S.C. § 299(a)(1). Plaintiffs do not allege (and cannot allege) that the relief they seek from Metrasens and the relief they seek from the ETS-Lindgren and Invivo arise out of the same transaction or series of transactions.

The Court therefore finds that the Defendants ETS-Lindgren and Invivo should be severed from QinetiQ and Metrasens, as ETS-Lindgren and Invivo do not share in the same transaction, occurrence, or series of transactions or occurrences of infringement on the same infringing product that QinetiQ and Metrasens are allegedly party to. Accordingly, the Court hereby sua sponte severs ETS-Lindgren and Invivo from this action by its authority under Federal Rule of Civil Procedure 21. Given

Metrasens close relationship to QinetiQ as QinetiQ's spinoff and licensee, the Court retains both of these Defendants in this action at this time.

## IV. CONCLUSION

For the reasons discussed above, Defendants' ETS-Lindgren and Invivo are hereby **SEVERED** from this action. These Defendants' pending Motion to Dismiss (ECF No. 26) is therefore **DENIED AS MOOT**. Should Plaintiffs desire to refile their case against ETS-Lindgren and Invivo in this district, Plaintiffs must file separate actions for each Defendant and for each one, file a notice of related cases under L.R. 83-1.3.[3]

**IT IS SO ORDERED.**

October 1, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[3] The severed cases are sufficiently related that they should all be before the same judge for case management and judicial efficiency purposes, but they are not sufficiently related for joinder under 35 U.S.C. § 299.